**Edward KNIGHT, Charles Miller–Bey, Eddie McBride & Leonard Riley, Jr., Plaintiffs,**

v.

**INTERNATIONAL LONGSHOREMEN'S ASSOCIATION, Defendant.**

**No. CIV.A.01–005 JJF.**

United States District Court, D. Delaware.

Oct. 8, 2003.

Perry F. Goldlust, Esquire of Heiman, Aber, Goldlust & Baker, Wilmington, DE, Of Counsel: Michael J. Goldberg, Esquire, Cherry Hill, NJ. Paul Alan Levy, Esquire of Public Citizen Litigation Group, Washington, DC, District of Columbia, for Plaintiffs.

Stephen B. Potter, Esquire of Potter, Carmine, & Leonard, Wilmington, DE, Of Counsel: Ernest L. Matthews, Jr., Esquire of Gleason & Mathews, New York City, for Defendant.

### *MEMORANDUM OPINION*

FARNAN, District Judge.

Presently before the Court is Defendant's Motion for Summary Judgment as to all issues in controversy (D.I.40–1) and Plaintiffs' Motion for Summary Judgment as to all issues in controversy (D.I.43–1). For the reasons discussed, Defendant's Motion for Summary Judgment as to all issues in controversy (D.I.40–1) will be granted in part and denied in part and Plaintiffs' Motion for Summary Judgment as to all issues in controversy (D.I.43–1) will be granted in part and denied in part.

### I. Factual Background

The Plaintiffs are all members of the International Longshoreman's Association ("ILA") and a group called the Workers' Coalition. According to Plaintiffs, the purpose of the Workers' Coalition is to foster positive change in the ILA.

Plaintiffs Edward Knight and Charles Miller–Bey belong to Local 1694 of the ILA. Mr. Knight was financial secretary of the union before the events at issue in this lawsuit. At a meeting of the local in early 2000, Mr. Knight made a successful motion to have the local contribute $1500 to host a Workers' Coalition meeting. Promotional materials for the meeting were distributed. Adam McBride, the Executive Director of the Diamond State Port Corporation, an employer of ILA members, became aware of the meeting and gave a $500 contribution to Edward Knight to help fund the

meeting. Mr. McBride also was scheduled to speak at the meeting.

After speaking with ILA Vice President James H. Paylor, Mr. Adam McBride decided not to speak to the Workers' Coalition, but did not withdraw his financial support. Blaming Mr. Paylor for the withdrawal and believing that Mr. Paylor had stated that the Workers' Coalition was being investigated for communist affiliation, Mr. Knight and Mr. Miller–Bey brought intra-union charges accusing Mr. Paylor of interfering with the local's autonomy and causing harm and division among the ILA.

In response, Mr. Paylor filed charges against Mr. Miller–Bey and Mr. Knight accusing them of filing frivolous charges that were "detrimental to the welfare of the I.L.A" and of violating several provisions of the ILA constitution. Plaintiffs requested additional information on the charges against them, and it is undisputed that this request was denied.

The charges against Mr. Miller–Bey and Mr. Knight were heard in August, 2000. On September 19th, the committee hearing the charges recommended that the executive council suspend Mr. Knight from serving as the local's financial secretary and fine him $500. In October, this recommendation was followed by the executive council. Mr. Miller and Mr. Paylor were apparently found not guilty of any wrongful conduct.

The Committee that heard the charges ("Committee") found that Mr. Adam McBride had been mislead by Mr. Knight into believing that the Workers' Coalition meeting was endorsed by the ILA. The Committee also found that Mr. Adam McBride's donation and Mr. Knight's acceptance of the donation violated the Labor–Management Relations Act ("LMRA") provisions proscribing gifts from employers to employee representatives. The Committee "noted" that the Workers' Co-

alition should not have used the ILA logo or the Local 1694 name in combination with the solicitation of funds and found that in doing so, Mr. Knight engaged in conduct detrimental to the union as prohibited by the ILA constitution.

## II. Standard of Review

Rule 56(c) of the Federal Rules of Civil Procedure provides that a party is entitled to summary judgment if a court determines from its examination of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). In determining whether there is a triable dispute of material fact, a court must review all of the evidence and construe all inferences in the light most favorable to the non-moving party. *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir.1976). However, a court should not make credibility determinations or weigh the evidence. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000). Thus, to properly consider all of the evidence, the "court should give credence to the evidence favoring the nonmovant as well as that 'evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that evidence comes from disinterested witnesses.'" *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250–251, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986))

To defeat a motion for summary judgment, Rule 56(c) requires the non-moving party to show that there is more than "some metaphysical doubt as to the material facts.... In the language of the Rule, the non-moving party must come forward

with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (quoting Fed. R.Civ.P. 56(c)). Accordingly, a mere scintilla of evidence in support of the non-moving party is insufficient for a court to deny summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Additionally, the Court should consider the evidentiary standard that applies at trial. *See Eli Lilly & Co. v. Barr Labs., Inc.,* 251 F.3d 955, 962 (Fed.Cir.2001) (stating that "[w]hen evaluating a motion for summary judgment, the court views the record evidence through the prism of the evidentiary standard of proof that would pertain at trial to the merits.") (citations omitted).

### III. Parties' Contentions

Plaintiffs contend that the Defendant's activities have violated various provisions of the Labor–Management Reporting and Disclosure Act of 1959 ("LMRDA"). Plaintiffs assert that Mr. Knight and Mr. Miller–Bey were "denied sufficient notice and a reasonable time to prepare their defenses," in violation of LMRDA § 101(a)(5), 29 U.S.C. § 411. Plaintiffs argue that the charges filed against them were insufficient and should have been clarified before the day of the hearing.

Plaintiffs further contend that the activities for which Mr. Knight and Mr. Miller–Bey were charged (and for which Mr. Knight was punished) are protected by the freedom of speech and assembly provisions of LMRDA § 101(a)(2), 29 U.S.C. § 411(a)(2), and the limitations on discipline in LMRDA § 609, 29 U.S.C. § 529. Plaintiffs claim that the act of charging them was done with the intent of chilling speech and thus violated LMRDA § 101(a)(2).

The Defendant contends that Mr. Knight's punishment was not discipline under the LMRDA. The Defendant contends that Mr. Knight did not have a protected interest in his role as financial secretary and that his "fine" was actually restitution of illegally obtained funds. The Defendant argues that even if Mr. Knight's punishment falls under the LMRDA, all procedural requirements were met. Further, the Defendant argues that Plaintiffs Charles Miller–Bey, Eddie McBride, and Leonard Riley, Jr. have no standing to challenge ILA's actions in charging Mr. Knight and Mr. Miller–Bey and punishing Mr. Knight because the three suffered no legally recognized injury.

Plaintiffs contend that Articles XXVII and XVIII, § 1(b) of the ILA constitution, which prohibit the "illegal use" of the ILA name and "conduct detrimental to the welfare of the ILA" respectively, violate LMRDA § 101(a)(2), 29 U.S.C. § 411(a)(2), because these provisions are vague and overbroad. (D.I. 45, at 86). The Defendant argues that the Court should defer to the union's interpretation of its constitution and that the provisions at issue are not overbroad as those provisions have been defined.

Plaintiffs also contend the Defendant has not complied with LMRDA § 105, 29 USCA § 415, which requires a labor union to inform its members of the provisions of the LMRDA. The Defendant responds that it has satisfied LMRDA § 105 by distributing Department of Labor summaries of the LMRDA to its locals and instructing the locals to post the summaries in their offices and hiring halls and to otherwise disseminate the summaries to union members.

The Defendant has counterclaimed against Plaintiffs, charging that the Plaintiffs violated the Lanham Act and owe the ILA compensatory damages. The Defen-

dant contends the Plaintiffs have made unauthorized use of the ILA logo and name, causing confusion among ILA members and others. The Plaintiffs argue they have not unlawfully used the ILA's logo, design, or emblem. The Plaintiffs claim their communications containing the abbreviation "I.L.A." have been non-commercial, unlikely to be confused by others concerning the source of the communications, and limited to fair use. Therefore, the Plaintiffs contend their use has not been in violation of the Lanham Act.

## IV. Discussion

A) *Cause of Action Under LMRDA § 101(a)(5)*

LMRDA § 101(a)(5) states that "[n]o member of any labor organization may be fined, suspended, expelled, or otherwise disciplined except for nonpayment of dues by such organization or by any officer thereof unless such member has been (A) served with written specific charges; (B) given a reasonable time to prepare his defense; (C) afforded a full and fair hearing." The written charge must be specific enough to inform the accused of the offense with which he is charged. *International Broth. of Boilermakers, Iron Shipbuilders, Blacksmiths, Forgers and Helpers, AFL–CIO v. Hardeman,* 401 U.S. 233, 245, 91 S.Ct. 609, 28 L.Ed.2d 10 (1971).

■ Because Mr. Knight was the only Plaintiff punished, I find only Mr. Knight has standing to challenge the Defendant's action under LMRDA § 101(a)(5). The parties do not contest that Mr. Knight was only provided the provisions of the constitution that he allegedly violated. He was not told what conduct was questioned or given a factual basis for the charges against him. Both parties also agree that Mr. Knight requested further specification

of the charges against him and that his request was denied.

■ Having found that only Mr. Knight may challenge the actions taken against him, I conclude that the removal of Mr. Knight from his position as financial secretary was not violative of § 101(a)(5). I reach this conclusion because cases have held that removal from a union office is not discipline under § 101 of the LMRDA. *See Finnegan v. Leu,* 456 U.S. 431, 437, 438 n. 9, 102 S.Ct. 1867, 72 L.Ed.2d 239 (1982).

■ However, I am persuaded that the fine imposed upon Mr. Knight did amount to discipline under LMRDA § 101(a)(5), and therefore, the procedures required by § 101 are implicated in the imposition of the fine. I am unable to agree with the Defendant that the fine was not punitive in nature, but rather a form of restitution required of Mr. Knight to disgorge him of improperly received funds. The financial penalty was imposed because the committee concluded that Mr. Knight had acted contrary to the Defendant's rules. In essence, the Committee found Mr. Knight guilty of alleged wrongdoing and punished him with a fine. The Defendant cannot avoid its obligations to comply with the procedures of § 101 simply by attempting to recharacterize the fine as restitution.

■ Having concluded that Mr. Knight was entitled to the protections of § 101, the question is, did the Defendant comply with § 101. I find the Defendant did not. Mr. Knight was entitled to be informed of the specific conduct that formed the basis of the charges, not just the section and provision of the constitution. For purposes of the present cross-motions however, neither Mr. Knight nor the Defendant can be granted relief because of the factual dispute surrounding whether the Defendant offered to adjourn the hearing to, in

effect, implement the § 101 procedures, which dispute I find to be material to the § 101(a)(5) claim.

In sum, the issue as to the fine imposed upon Mr. Knight under LMRDA § 101(a)(5) cannot be resolved on summary judgment. As to all the other Plaintiffs and claims other than the fine claim, I conclude the Defendant is entitled to summary judgment, and therefore, the Defendant's motion will be granted.

B) *Cause of Action Under LMRDA §§ 101(a)(2) and 609*

In relevant part LMRDA § 101(a)(2) states that

[e]very member of any labor organization shall have the right to meet and assemble freely with other members; and to express any views, arguments, or opinions.... *Provided,* [t]hat nothing herein shall be construed to impair the right of a labor organization to adopt and enforce reasonable rules as to the responsibility of every member toward the organization as an institution and to his refraining from conduct that would interfere with its performance of its legal or contractual obligations.

29 U.S.C.A. § 411(a)(2).

In relevant part, LMRDA § 609 states that

It shall be unlawful for any labor organization, or any officer, agent, shop steward, or other representative of a labor organization, or any employee thereof to fine, suspend, expel, or otherwise discipline any of its members for exercising any right to which he is entitled under the provisions of this chapter.

29 U.S.C.A. § 529.

■ As to this claim, I find that the Plaintiffs have not produced any evidence that the Defendant had an intent, by issuing the charges, to silence speech and debate. Without such evidence, I conclude that the Plaintiffs' claim under LMRDA § 101(a)(2), cannot survive the Defendant's motion for summary judgment. The charges brought against certain Plaintiffs were brought by Mr. Paylor as an individual member of the Defendant, not the Defendant. The Defendant did hear the charges, but no evidence has been adduced to establish that the Defendant is responsible for the existence of the charges.

Further, I find that the Plaintiffs have not produced evidence of an attempt by the Defendant to deny the Plaintiffs their rights under § 101(a)(2), and therefore, I conclude that the Defendant is entitled to summary judgment on the § 101(a)(2) claim.

■ Despite my conclusion to the 101(a)(2) claim, the Plaintiffs may still demonstrate that their rights under LMRDA § 609 were violated by a specific action of the union. In order to sustain such a claim under LMRDA § 609, the Plaintiffs must establish that the Defendant fined, suspended, or otherwise disciplined them for exercising their LMRDA rights. As discussed above, only Mr. Knight has alleged being subject to such an action, and, as under § 101(a)(5), only Mr. Knight's fine is a punishment that can be considered by the Court. *See Finnegan v. Leu,* 456 U.S. 431, 437, 438 n. 9, 102 S.Ct. 1867, 72 L.Ed.2d 239 (1982).

With regard to the claim under § 609, there is a dispute of fact about why Mr. Knight's fine was imposed. The Defendant contends that Mr. Knight was ordered, as restitution, to return illegally received funds. Mr. Knight contends that the funds were properly volunteered by Mr. Adam McBride and accepted by Mr. Knight.

Both parties have adduced evidence supporting their contention. I find that determining whether the Defendant's decision

was based either on Mr. Knight's theory or Defendant's theory requires resolution of factual issues that preclude my granting summary judgment for either party. Accordingly, I will deny both Mr. Knight's and Defendant's motions for summary judgment on the LMRDA §§ 101(a)(2) and 609 claim, but I grant Defendant's motion as it pertains to all other Plaintiffs.

C) *Cause of Action Challenging Articles XXVII and XVIII, § 1(b) of the ILA Constitution*

Plaintiffs Knight and Miller–Bey were charged with violating articles XXVII and XVIII, § 1(b) of the ILA constitution. These Plaintiffs assert that these provisions are overbroad and vague and violate the provisions LMRDA § 411(a)(2), listed above in section A.

■ Sometimes, in the face of allegations of a violation of § 411(a)(2), a court will abstain from deciding an issue and provide a union with the opportunity to give the provisions a limiting construction. *See Semancik v. United Mine Workers of America Dist. No. 5*, 466 F.2d 144, 154 (3rd Cir.1972). Generally, the repeated use of a controversial provision will preclude abstention by courts. *Id.* However, in the instant case, only one allegedly violative use of the ILA constitution is asserted. Further, it is unclear from the facts whether protected speech-related activity was punished and whether the Defendant's use of the provisions of its constitution is too broad.

In these circumstances, I conclude that there is insufficient evidence to warrant the Court's involvement in examining the general adequacy of the union's constitutional provisions, and therefore, I will abstain from deciding the validity of Articles XXVII and XVIII, § 1(b).

D) *Cause of action under LMRDA § 105.*

■ LMRDA § 105 states that "[e]very labor organization shall inform its members concerning the provisions of this chapter." 29 USCA § 415. The parties agree that the Defendant has distributed Department of Labor summaries of the LMRDA to its locals and instructed the locals to post the summaries in their offices and hiring halls and to otherwise disseminate the summaries to union members.

There has been little guidance on what methods of informing union members of their LMRDA rights are sufficient under LMRDA § 105.[1] *See Thomas v. Grand Lodge of International Association of Machinists and Aerospace*, 201 F.3d 517, 521 (4th Cir.2000). There are few cases that deal with § 105 and the Department of Labor has not issued regulations implementing or clarifying it. *See Callihan v. United Ass'n of Journeymen and Apprentices of Plumbing and Pipe Fitting Industry*, 2002 WL 31250298, *1 (D.D.C.,2002).

In *Thomas v. Grand Lodge of International Association of Machinists and Aerospace*, the court defined effective compliance with LMRDA § 105 to be, at a minimum, "that each individual, soon after obtaining membership, be informed about the provisions of the LMRDA." *Id.* In *Thomas*,

> [t]he Fourth Circuit did not say how [union members who had not been previously notified] were to be informed.... Instead, it remanded the case for the

---

1. Plaintiffs urge the Court to consider a 1960 letter written by Harold C. Nystrom. Mr. Nystrom was, at the time of the letter, Solicitor of Labor and wrote the letter in response to inquiries about § 105. The Court finds that the letter has little persuasive value. Mr. Nystrom does not provide any definitive or formal interpretation of § 105, but he hypothesizes on what might be adequate and what might not be adequate.

district court to fashion an appropriate remedy. The district court's final order provided, essentially, that the Labor Department's summary, revised only to state that the full text of the Act is available elsewhere, is adequate information concerning the provisions of the LMRDA; that the summary is to be sent to new members of the [union]; that the summary is to be published in three issues of the [union's] Journal, in 2001, 2004 and 2008; and that the summary is to be published continuously on the [union]'s website.

*Callihan v. United Ass'n of Journeymen and Apprentices of Plumbing and Pipe Fitting Industry,* 2002 WL 31250298, *1 (D.D.C.2002) (citations omitted). In *Callihan v. United Ass'n of Journeymen and Apprentices of Plumbing and Pipe Fitting Industry,* the Court found that the order in *Thomas* was generally sufficient "to achieve compliance with the command of the statute." *Id.* at *2.

The parties do not dispute the facts material to a determination of this issue, and therefore, the issue may be considered as solely a matter of law. In accordance with the rulings in *Thomas* and *Callihan,* I conclude that the Defendant's actions to inform its members of their LMRDA rights have been sufficient. Because I conclude that the Defendant's efforts to inform its members have been sufficient, its motion for summary judgment on the cause of action under LMRDA § 105 will be granted, and the Plaintiffs' motion for summary judgment on this claim will be denied.

E) *Cause of action under the Lanham Act.*

■ The Lanham Act "provides for the registration of trademarks for goods, service marks for services, collective marks denoting membership in an organization, and certification marks certifying that the mark user's products meet the mark registrants standards" *Opticians Assoc. of America v. Ind. Opticians of America,* 920 F.2d 187, 190 n. 3 (3rd Cir.1990). To prevail on its claim, the Defendant must establish that "(1) the marks are valid and legally protectable; (2) the marks are owned by the [Defendant]; and (3) the [Plaintiffs'] use of the marks to identify goods or services is likely to create confusion concerning the origin of the goods or services." *Id.,* at 192. On the record evidence adduced, I find that a genuine issue of material fact exists as to whether the Plaintiffs' "use of the marks to identify goods or services is likely to create confusion concerning the origin of the goods or services." *Id.* To me, it is not clear whether the manner in which the Plaintiffs used the ILA name and logo will create such confusion. For this reason, the Defendant's motion for summary judgment and Plaintiffs' motion for summary judgment on the Lanham Act claim will be denied.

## CONCLUSION

For the reasons discussed the court will deny the Plaintiffs' Motion for Summary Judgment in all respects and grant the Defendant's Motion for Summary Judgment in part and deny it in part.

An Order consistent with this Memorandum Opinion will be entered.

## *ORDER*

At Wilmington, this 8th day of October 2003, for the reasons discussed in the Memorandum Opinion issued this date;

IT IS HEREBY ORDERED that:

1) Plaintiffs' motion for Summary Judgment (D.I.43–1) is **DENIED** in all respects.

2) Defendant's motion for Summary Judgement (D.I.40–1) is **GRANTED** in all respects except:

A) With respect to the Defendant's imposition of a fine upon Mr. Knight under LMRDA § 101(a)(5).

B) With respect to Mr. Knight's claim that his fine violated LMRDA §§ 101(a)(2) and 609.

C) With respect to the Plaintiffs' claim challenging the adequacy of the Defendant's constitutional provisions which the Court will abstain from deciding.

D) With respect to the Defendant's claim under the Lanham Act.